## Garzone v. Garzone

*Louis J. Garliardi*, for plaintiffs.
*Joseph L. Fox*, for defendants.

KALISH, *J.*, August 1, 1978—Plaintiffs Fred and Julia Garzone brought an action in equity against defendants Lawrence Garzone, James Garzone and Garzone Beverages, Inc. as tenants in common. Defendants denied the allegations contained in plaintiff's complaint, and filed under the heading "new matter" factual averments which raise the issue of wrongful conversion by plaintiff Fred Garzone. Plaintiffs' preliminary objections, brought pursuant to Pa.R.C.P. 1017(b)(1), (2) and (4), are addressed to defendants' inclusion of the allegation of wrongful conversion. Plaintiffs maintain that it is not a permissible defense to a partition action in a court of equity.

Under Pa.R.C.P. 1501 a case brought in equity is to be governed by the same procedural rules as is an action in assumpsit; therefore Pa.R.C.P. 1030 governs the types of factual allegations that can be raised in defendants' "new matter."

Pa.R.C.P. 1030 permits "as new matter any other material facts which are not merely denials of the averments of the preceding pleading." The clean hands doctrine is an affirmative defense to a cause of action brought in a court of equity and may be pleaded under the heading of "new matter": Kleinwaks v. Shiner (No. 1), 10 D. & C. 2d 301 (1956). See 5 Goodrich-Amram §1510:2. Defendants have stated a viable and highly pertinent affirmative defense, for if true, plaintiffs would be barred from bringing their partition action. For the above stated reasons, plaintiffs' motion is denied.

## ORDER

And now, August 1, 1978, it is hereby ordered and decreed that plaintiffs' preliminary objections are denied.